UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12016-GAO

SAME-SUFFIE DUMEUS,
Plaintiff,

v.

CITIMORTGAGE, INC.,
Defendant.

OPINION AND ORDER
January 29, 2015

O'TOOLE, D.J.

Plaintiff Same-Suffie Dumeus has brought various claims against defendant CitiMortgage, Inc. based on its refusal to modify her mortgage and subsequent foreclosure proceedings on her home. CitiMortgage has moved to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I. **Factual Allegations**

The Amended Complaint alleges the following facts. In March 2004, the plaintiff and her then husband entered into a loan agreement with New England Moves Corporation ("NE Moves") secured by a mortgage on their home in Randolph, Massachusetts. NE Moves subsequently assigned the mortgage to Principal Residential Mortgage Company, Inc. ("Principal Residential"). The mortgage was later assigned to CitiMortgage.[1]

---

[1] CitiMortgage has submitted notarized assignments demonstrating that Principal Residential assigned the mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") through an assignment notarized in October 2004, and that MERS subsequently assigned the mortgage to CitiMortgage through a corrective assignment dated November 9, 2012. See In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003) ("[The Court may] consider not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice" for purposes of Rule 12(b)(6)).

The plaintiff had difficulty making her mortgage payments, and in 2009, she entered into a modified payment plan with CitiMortgage. Despite not missing a payment for a year and a half, CitiMortgage returned her last check on July 19, 2010 and initiated foreclosure proceedings against the plaintiff.[2] At some point, CitiMortgage denied her a loan modification without reason under the Home Affordable Modification Program ("HAMP"). The plaintiff alleges that CitiMortgage increased the interest rate on the loan and increased her mortgage through predatory lending, fraud, and misrepresentation.

## II. Discussion

### A. Count I: Negligence

To prevail on a claim of negligence, a plaintiff must show that the defendant owed her a duty of care, that the defendant breached that duty, and that the plaintiff suffered a loss caused by the breach. Glidden v. Maglio, 722 N.E.2d 971, 973-74 (Mass. 2000). Dumeus claims that CitiMortgage acted negligently by omitting key documents that would be necessary to prove its right to foreclose on the property. However, "[t]he relationship between a borrower and lender does not give rise to a duty of care under Massachusetts law." MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 495 (1st Cir. 2013). Nor can the plaintiff demonstrate that HAMP gives rise to any such duty. Shaw v. BAC Home Loans Servicing, LP, No. 10-cv-11021-DJC, 2013 WL 789195, at *4 (D. Mass. Mar. 1, 2013). Because the plaintiff cannot allege an essential element of the prima facie case for negligence, this claim must fail.

### B. Count II: Wantonness

The plaintiff also brings a claim of wantonness against the defendant. However, wantonness is not a recognized common law claim under Massachusetts law. To the extent that

---

[2] The Amended Complaint does not allege whether or how the return of the check was wrongful.

the plaintiff attempts to allege gross negligence, she must demonstrate that the defendant owed her a duty of care. Szulik v. State St. Bank & Trust Co., 935 F. Supp. 2d 240, 269 (D. Mass. 2013) (defining gross negligence under Massachusetts law). As with her negligence claim, the plaintiff cannot make this showing.

    C.    Count III: Trespass

A claim for trespass requires that the plaintiff "'prove the actual possession of the plaintiff, and an illegal entry by the defendant.'" Brice Estates, Inc. v. Smith, 922 N.E.2d 800, 802 n.3 (Mass. App. Ct. 2010) (quoting New Eng. Box Co. v. C & R Constr. Co., 49 N.E.2d 121, 128 (Mass. 1943)). The plaintiff attempts to frame the denial of the loan modification as a trespass. However, these factual allegations do not support a trespass claim. Insofar as the plaintiff argues that CitiMortgage's denial of her loan modification has deprived her of a possessory right to her property, she fails to allege that there has been any illegal entry on the part of the defendant. Accordingly, the Amended Complaint cannot support a claim for trespass.

    D.    Count IV: Abuse of Process

The essential elements of abuse of process are that "(1) 'process' was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage." Jones v. Brockton Pub. Mkts., Inc., 340 N.E.2d 484, 485 (Mass. 1975). Dumeus contends that CitiMortgage committed abuse of process through its allegedly defective assignment and loan modification process. However, for purposes of abuse of process, "process" is limited to "writs of attachment, the process used to institute a civil action, and the process related to the bringing of criminal charges." Id. at 486 (internal citations omitted). As neither an invalid assignment nor a wrongfully denied loan modification constitutes process under Massachusetts law, the plaintiff does not state a claim for abuse of process.

### E. Count V: Slander of Title

To prove slander of title, a plaintiff must show that "(1) the defendant made a false statement, (2) which was published with malice, and (3) caused injury to the plaintiff." George v. Teare, No. CA994102, 12 Mass. L. Rptr. 274, at *3 (Mass. Sup. Ct. Sept. 5, 2000). The plaintiff claims that the defendant committed slander of title by placing a cloud on the title of her home. However, as Dumeus has pled no factual allegations to support any of the elements of slander of title, this claim must be dismissed.

### F. Count VI: Fraud

Dumeus claims that CitiMortgage engaged in fraud at the time she entered into her mortgage by misrepresenting that she would be able to afford her mortgage despite her inexperience with real estate matters and poor financial condition. Notwithstanding the factual problem that by the plaintiff's own account CitiMortgage was not the original lender in this matter, the plaintiff's claim also fails to satisfy the appropriate pleading standards. For a claim of fraud to survive a motion to dismiss, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. Pro. 9(b). The pleading must detail: "(1) the allegedly fraudulent statements; (2) the identity of the speaker; (3) where and when the statements were made; and (4) why the statements were fraudulent." In re Allaire Corp. Sec. Litig., 224 F. Supp. 2d 319, 325 (D. Mass. 2002). The Amended Complaint contains little more than general allegations of fraud. The plaintiff does not specify what was said, who said it, or where the allegedly fraudulent statements were made. Without more detail, the plaintiff's claim for fraud does not meet the heightened pleading standards under Rule 9.

### G. Count VII: Unjust Enrichment

Lastly, the plaintiff brings a claim for unjust enrichment based on the defendant's denial of a loan modification. Unjust enrichment is an equitable remedy that typically applies where there is no contract between the parties. Metro. Life Ins. Co. v. Cotter, 984 N.E.2d 835, 849 (Mass. 2013). Here, however, there is a contract: the mortgage and promissory note. Insofar as the plaintiff contends that the contract does not govern her relationship with CitiMortgage because of a possibly invalid assignment, her argument fails. As required under Massachusetts General Law Chapter 183, Section 54B, the assignments at issue, which are in the record, were executed before a notary public and signed by either a vice president or secretary of the lender. See Wilson v. HSBC Mortgage Servs., Inc., 744 F.3d 1, 12-13 (1st Cir. 2014) ("The plain language of Section 54B . . . would render that assignment binding . . . ."). Because the assignments are apparently valid, the plaintiff providing no factual information indicating they are not, "the contract provides the measure of the plaintiff's right and no action for unjust enrichment lies." In re Lupron Mktg. & Sales Practices Litig., 295 F. Supp. 2d 148, 182 (D. Mass. 2003).

### III. Conclusion

For the reasons stated herein, the defendant's Motion (dkt. no. 25) to Dismiss is GRANTED. The action is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge